IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

TINA HATTERER,

Defendant.

CASE NO.: 4:19-cr-66

**O R D E R**

Defendant Tina Hatterer has filed a Motion to Reduce Sentence seeking compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), (doc. 692). The Government has responded in opposition to Hatterer's Motion, (doc. 701). For the reasons stated below, the Court **DENIES** Defendant's Motion, (doc. 692).

**BACKGROUND**

After Hatterer pleaded guilty to one count of conspiracy to possess with intent to distribute, and to distribute, fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 846 and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), the Court sentenced her to 120 months' imprisonment on November 20, 2019. (Doc. 454.) Hatterer is currently serving that sentence at the Bureau of Prisons ("BOP") correctional facility in Alderson, West Virginia with a projected release date in May of 2027. (Doc. 701, p. 2.)

On September 16, 2020, Hatterer filed a Motion to Reduce Sentence asking to be released from BOP custody. (Doc. 692.) She contends that she suffers from medical conditions including chronic asthma, high cholesterol, and mental health issues which she alleges increase her risk of

contracting the virus that causes COVID-19. (Id. at p. 1.) The United States has responded in opposition to Hatterer's Motion and argues that she has not established an "extraordinary and compelling" reason for compassionate release under United States Sentencing Guideline § 1B1.13. (Doc. 701, pp. 11—14.) Additionally, the United States argues that even if Hatterer had established an extraordinary or compelling reason, the Court should still exercise its discretion and deny her motion. (Id. at pp. 14—18.)

## DISCUSSION

The First Step Act at 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" his release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). "The defendant generally bears the burden of establishing that compassionate release is warranted." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

Congress did not define what constitutes "extraordinary and compelling circumstances" under Section 3582(c)(1)(A) other than to express that "[r]ehabilitation of the defendant alone" is insufficient.  See 28 U.S.C. § 994(t).  Rather, Congress instructed the Sentencing Commission to promulgate the "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons.  Id.  Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community.  U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018).  The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances.  Id. at § 1B1.13 cmt. n.1(A)–(C).  A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories.  Id. at § 1B1.13 cmt. n.1(D).

In this case, the only category into which Hatterer may possibly fall is a qualifying medical condition.  To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory," or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and . . . he or she is not expected to recover [from it]."  U.S. SENTENCING GUIDELINES MANUAL § 1B1.13, cmt. n.1(a)(i).  Hatterer contends that she suffers from numerous health conditions that increase her risk of severe illness from COVID-19.  The Government

concedes that if Hatterer suffers from moderate to severe asthma, that condition might place her at an increased risk for severe illness from COVID-19. (Doc. 701, p. 12–14.) Indeed, according to the Centers for Disease Control, someone with moderate to severe asthma "might be at an increased risk of severe illness from the virus that causes COVID-19." See Centers for Disease Control, *Groups At Higher Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited on October 26, 2020).

However, the Court has reviewed the medical records attached to the Government's response and finds that Hatterer's asthma is not listed as moderate or severe. (Doc. 701-1.) Additionally, it appears that Hatterer is receiving regular care for this condition, and that it has been well managed by prison medical providers. Moreover, the Court has reviewed information provided by the Government regarding the BOP's response to the COVID-19 pandemic and the status within Defendant's facility specifically. Having reviewed all of that information, Defendant's medical condition, even when combined with the COVID-19 pandemic, does not present extraordinary and compelling reasons that could warrant relief under Section 3582(c)(1)(A).

Further, the Court can only grant compassionate relief "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief."). Pursuant to Section 3553(a),

federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
5. any pertinent policy statement ... by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Hatterer's request for compassionate release. The charges Hatterer plead guilty to are serious crimes, one of which Congress establishes a penalty of up to life imprisonment. (Doc. 411, p. 2.) She conspired with other individuals to distribute a significant amount of methamphetamine and possessed a firearm while doing so. Moreover, Hatterer has a sordid record of past criminal convictions. (Doc. 411, pp. 9—14.) Hatterer already received a significant benefit from her plea agreement. She then received an additional benefit as the Court sentenced her below the potential statutory penalty and below the sentence recommended by application of the United States Sentencing Guidelines. She has only served a small portion of that already reduced sentence. Releasing her after that short period would not reflect the seriousness of her offense, would not provide just punishment, and would contradict the purposes of deterrence. 18 U.S.C. § 3553(a)(2)(A)-(B). Further, remaining within the custody of the Bureau of Prisons provides Hatterer the opportunity to receive "needed educational or

5

vocational training" and "other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).  While Hatterer raises concerns about the medical treatment she is receiving, the medical records attached to the Government's Response indicate that prison officials are attending to her medical needs.  Moreover, allowing her to be released would create significant sentencing disparities between Hatterer and other defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).  In sum, the Court has reviewed all of the Section 3553(a) factors and finds that releasing Hatterer at this time would be a grave miscarriage of justice.

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Defendant Tina Hatterer's Motion for Compassionate Release, (doc. 692).

**SO ORDERED**, this 2nd day of November, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA