IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:19-cr-66 |
| TINA HATTERER, | |
| Defendant. | |

**ORDER**

Defendant Tina Hatterer has once again filed a bevy of motions seeking to reduce or set aside her sentence. Currently before the Court are the following: a letter that the Court Construes as a Motion for Sentence Reduction under the under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), (doc. 801); a pleading which the Court construes as a Motion to Set Aside her Conviction and Sentence pursuant to 28 U.S.C. § 2255 , (doc. 803); and a pleading which the Court construes as a Motion to Have the Bureau of Prisons ("BOP) Remove Points from Hatterer's FSA Recidivism Risk Assessment, (doc. 805).[1] The Government has filed Motions to Dismiss Hatterer's Motions. (Docs. 802, 804, & 808.) Hatterer has not responded to the Government's Motions. For the reasons stated below, the Court **DENIES** Hatterer's Motion for Sentence Reduction under the under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), (doc. 801), **DISMISSES** her Motion to Set Aside her Conviction and Sentence pursuant to 28 U.S.C. § 2255, (doc. 803), and **DISMISSES** her Motion to Have the Bureau of Prisons ("BOP) Remove Points from Hatterer's FSA Recidivism

---

[1] Hatter's motions are not clearly written, and her requests for relief are somewhat amorphous. While the Court has construed each pleading according to the primary relief requested therein, the Court has considered all requests which it can discern from the pleadings and has found those requests to all be without merit.

Risk Assessment, (doc. 805). The Court **GRANTS** the Government's Motions to Dismiss, (docs. 802, 804, & 808.)

## BACKGROUND[2]

After Hatterer pleaded guilty to one count of conspiracy to possess with intent to distribute, and to distribute, fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 846 and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), the Court sentenced her to 120 months' imprisonment on November 20, 2019. (Doc. 454.) On February 25, 2020, Hatterer filed a Motion to Modify Sentence. (Doc. 647.) She generally claimed that her counsel rushed her into signing her plea agreement, that he did not show her discovery materials, and that she had a history of mental illness. (Doc. 647–1.) The Government responded in opposition to Hatterer's Motion and stated that the Court should notify Hatterer that it may construe her Motion as being made pursuant to 28 U.S.C. § 2255. (Doc. 651.) The Court subsequently issued an order pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), directing Hatterer to make her election as to whether she would like the Court to rule on her motion as filed, amend her motion, or withdraw her motion. (Doc. 674.) Shortly thereafter, Hatterer filed a letter indicating that she would like to amend her Motion but that she was gathering materials to do so. (Doc. 678.) Then, on September 16, 2020, Hatterer filed a Motion Under 28 U.S.C. § 2225 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody ,(doc. 693), and a Motion to Challenge District Court's Ruling on 18 U.S.C. § 924(c), (doc. 694). At the same time, Hatterer filed a Motion for Compassionate Release, (doc. 692), which the Court denied, (doc. 718), and she later filed a Motion seeking a reduction in her sentence pursuant to the First

---

[2] The Court laid out the factual and procedural history of Hatterer's case in detail in its Order of May 20, 2022, and the Court need not rehash those details herein. (See doc. 777.)

Step Act, (doc. 733), which the Court dismissed, (doc. 758).  On May 20, 2022, the Court denied Hatterer's Motion to Modify Sentence, her Motion to Vacate Sentence Under 28 U.S.C. § 2255, and her Motion to Challenge District Court's Rule on 18 U.S.C. § 904(c).  (Doc. 777.)

## DISCUSSION

Hatter's recent filings are somewhat difficult to read, and her arguments are opaque. However, construing the pleadings liberally, the Court has discerned three claims from them: (1) that Hatterer should receive relief under the First Step Act; (2) that Hatterer's sentence should be vacated due to some unspecified constitutional issues and supposed change in law regarding possession of a firearm in furtherance of a drug trafficking crime; and (3) that the BOP has miscalculated her sentence by not giving her proper sentencing credits and has improperly characterized her security level.  The Court addresses each of these arguments in turn.

**I.        Hatterer has Failed to Demonstrate Entitlement to Relief under the First Step Act.**

The First Step Act provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so.  18 U.S.C. § 3582(c)(1)(A)(i).  Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court.  The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release.  However, there are four prerequisites to a court's granting compassionate release under the First Step Act.  First, the defendant must have exhausted her administrative rights with the BOP.  Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i).  Third, the Court must consider the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).  Fourth, the Court must find that release is consistent with the Sentencing Commission's policy statements.  18 U.S.C. § 3582(c)(1)(A).  "The defendant

generally bears the burden of establishing that compassionate release is warranted." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

The Court may only grant Hatterer compassionate release and reduce her sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. at § 1B1.13 cmt. n.1(A)–(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. at § 1B1.13 cmt. n.1(D).

In United States v. Bryant, 996 F.3d 1243, 1252—62 (11th Cir. 2021), the United States Court of Appeals for the Eleventh Circuit held that a district court may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with Section 1B1.13's definition of extraordinary and compelling reasons. The court in Bryant further concluded that the fourth catch-all provision in the commentary to Section 1B1.13 does not grant district courts the discretion to

develop other reasons outside those listed in Section 1B1.13 that might justify a reduction in a defendant's sentence. Bryant, 996 F.3d at 1265.

In her recent pleadings, Hatterer has not mentioned any of the categories of extraordinary and compelling reasons enumerated in Section 1B1.3, much less demonstrated how those categories apply to her. This failure alone warrants denial of her request for First Step Act relief. Moreover, the Court can only grant compassionate relief "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief."). As the Court has already explained when denying Hatter's prior motion, "an evaluation of [the Section 3553(a)] factors weighs heavily against Hatterer's request for compassionate release." (Doc. 718, p. 5.) Accordingly, the Court **DENIES** Hatterer's request for relief under the First Step Act.

II. **Hatterer's Request to Set Aside her Conviction and Sentence is an Unauthorized Second or Successive Section 2255 Motion.**

Hatterer appears to challenge her 18 U.S.C. § 924(c) conviction as unconstitutional and/or void due to some unspecified change in law. (See doc. 803.) Normally, a motion under 28 U.S.C. § 2255 is the appropriate vehicle for a defendant to raise such challenges to convictions and sentences. See Gonzalez v. Sec'y for Dep't of Corrs., 366 F.3d 1253, 1260 (11th Cir. 2004) ("A § 2255 motion is aimed at having a judgment of conviction and sentence set aside because of some constitutional violation, jurisdictional defect, or other ground that makes the judgment subject to collateral attack."). However, as explained above, Hatterer has already unsuccessfully sought

5

relief in this Court under Section 2255. Before filing a second or successive Section 2255 motion, Hatterer must first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010). Hatterer did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over her putative Section 2255 Motion. United States v. Florence, 411 F. App'x 230, 231 (11th Cir. 2011) (absent authorization to file a second or successive Section 2255 motion, a district court lacks subject-matter jurisdiction to consider the claims raised in the motion).[3] As noted above, Hatterer previously filed a Section 2255 motion in this Court, which was denied. Because she has not received permission from the Eleventh Circuit to file a second Section 2255 Motion, the Court **DISMISSES** her requests to set aside her conviction and sentence.

---

[3] The Court recognizes that "[t]here is, however, a small subset of claims that are not categorized as 'second or successive'—i.e., where the basis for the second habeas claim arose after the conclusion of the previous petition." Stewart v. United States, 646 F.3d 856, 863 (11th Cir. 2011). Hatterer has not argued, much less demonstrated, that her claims fall within this narrow exception.

**III.     Hatter Must Bring her Claims Regarding Sentencing Computation and Security Classification in the District of her Confinement and she must First Exhaust her Administrative Remedies.**

Hatter's more recent filings center on claims that the Bureau of Prisons has miscalculated her sentence and has improperly classified her security level. A federal prisoner's claims regarding sentencing computation and security classification would ordinarily be heard by the Court under 28 U.S.C. § 2241. However, under 28 U.S.C. § 2241(a), habeas corpus petitions brought under Section 2241 must be filed (with limited exceptions that do not apply here) in the judicial district which can acquire jurisdiction *in personam* over the complaining inmate or the inmate's custodian. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); see also Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). The Supreme Court has held that the jurisdictional restriction in Section 2241(a), while not the same as subject matter jurisdiction, is something more than personal jurisdiction or venue, imposing a statutory restriction on when a court can issue a writ of habeas corpus. Rumsfeld v. Padilla, 542 U.S. 426, 444 (2004) (noting that a district court could not obtain jurisdiction over a habeas corpus respondent outside the court's jurisdiction by virtue of a long-arm statute).

Hatterer is incarcerated at the Federal Correctional Institution in Bruceton Mills, WV. (Doc. 825, p. 2.) Thus, this Court does not have jurisdiction to entertain her putative Section 2241 petition because she is not incarcerated in this District. Padilla, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

Ordinarily, the Court could transfer Hatter's pleadings to the district of her confinement. However, it appears that transfer would be futile. The Government contends that Hatterer has not exhausted her administrative remedies within the BOP as to her sentencing computation and classification claims. (See doc. 808.) Hatterer has not responded to these arguments. The Eleventh Circuit Court of Appeals has held that a Section 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "that the exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'" Id. (citing Santiago-Lugo, 785 F.3d at 475). Thus, the Court declines to transfer Hatterer's pleadings and instead **DISMISSES** her sentencing computation and classification arguments.

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Hatterer's Motion for Sentence Reduction under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), (doc. 801), **DISMISSES** her Motion to Set Aside her Conviction and Sentence pursuant to 28 U.S.C. § 2255, (doc. 803), and **DISMISSES** her Motion to Have the Bureau of Prisons ("BOP) Remove Points from Hatterer's

FSA Recidivism Risk Assessment, (doc. 805).  The Court **GRANTS** the Government's Motions to Dismiss, (docs. 802, 804, & 808.)

      **SO ORDERED**, this 30th day of June, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA